IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LAJUAN SAMMIE LOUIS LOWERY,**

                **Plaintiff,**

    v.                                   **CASE NO. 20-3266-SAC**

**STATE OF KANSAS, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff LaJuan Sammie Louis Lowery, a detainee at the Leavenworth County Jail in Leavenworth, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed or to submit an amended Complaint.

**I. Nature of the Matter before the Court**

The Complaint asserts several unrelated claims. Plaintiff describes the nature of his case as "discrimination." He alleges his due process rights were violated during criminal prosecutions in state Cases 2017-CR-839 and 2019-CR-280. He claims the judge has refused to accept any arguments, statements, motions, or requests he has made and ordered him to stop filing motions online. He complains the prosecutor has not offered any plea deals, the judge allowed officers to follow Plaintiff around the courthouse, his right to a speedy trial was violated, and his public defenders failed to do anything he asked of them. Plaintiff asserts the victims and witnesses have all been untruthful. He requests that the Court review "all records of Mr. Lowery filed in the

1

district courts of Leavenworth County and Shawnee County, Kansas" for "discrimination and abuse of power." Complaint, ECF No. 1, at 8, 11. He alleges malicious prosecution in Leavenworth County. He requests judicial review of "commission action of Developmental, Denial of Civil Rights, Intoxicating Liquors and Beverages, Kansas Acts Against Discrimination, Civil Enforcement Act." *Id.* Plaintiff further claims that due to his criminal history, "he has been discriminated against by all business establishments in Kansas," and he requests a payout under Kansas statutes 44-1005, 44-1009, 49-433, 49-405, 75-294, 44-1406, and 75-4202. *Id.*

Mr. Lowery also alleges the staff at the Leavenworth County Jail violated his Eighth Amendment rights by failing to screen him for diabetes or adequately treat him for schizophrenia. *Id.* at 16.

In addition, Plaintiff claims he was dragged out of court, tazed, had his clothing ripped off, and was thrown into an unclean cell on August 7, 2019. *Id.* at 17. Then, he was injured while handcuffed and visiting his attorney on August 13, 2019. *Id.* Plaintiff asserts he has been choked and slammed against the door by guards, and jail staff do not follow food handling policies or offer special diets. *Id.*

Plaintiff names as defendants: the State of Kansas; the County of Leavenworth; Megan Williams, Leavenworth County Attorney; Benjamin Casad, Attorney; Michael D. Gibbons, District Court Judge; and Andrew D. Dedeke, Leavenworth County Sheriff. He seeks dismissal of state cases 2020-CR-096, 2019-CR-280, 2017-CR-839, and 2019-CR-633, as well as review of all state court records and Leavenworth County Jail records for discrimination.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary

dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. Discussion**

There are a number of problems with the Complaint. If, as it appears, Plaintiff is attempting to attack the validity of his state convictions, this action must be dismissed as an improper use of § 1983. *Alexander v. Lucas*, 259 F. App'x 145, 147 (10th Cir. 2007). The United States Supreme

Court has held that if judgment in favor of the prisoner plaintiff in a § 1983 action "would necessarily imply the invalidity of his conviction or sentence[, then] the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  Mr. Lowery's arguments that witnesses lied, the judge failed to consider certain evidence, and the prosecutor behaved improperly, all due to unconstitutional discrimination, could imply the invalidity of his convictions if accepted by a court.  Because Plaintiff does not demonstrate that his convictions have already been invalidated, his claims are barred by *Heck*.

Moreover, Plaintiff's request that this Court review all of the state court records in his convictions for evidence of discrimination is effectively an appeal of those convictions and is barred by the *Rooker-Feldman* doctrine.  Under the *Rooker-Feldman* doctrine, federal district courts have no jurisdiction to consider actions "that amount to appeals of state-court judgments." *Alexander*, 259 F. App'x at 148 (quoting *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006)).  "[O]nly the Supreme Court has jurisdiction to hear appeals from final state court judgments."  *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006).

As for Plaintiff's claims about his treatment at the Leavenworth County Jail, they are not properly raised in the same lawsuit with his other claims.  Rule 20 of the Federal Rules of Civil Procedure governs permissive joinder of parties and provides, in relevant part:

> (2)  Defendants.  Persons . . . may be joined in one action as defendants if:
>
>> (A)  any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>>
>> (B)  any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Rule 18(a) governs joinder of claims and provides, in part: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).  While joinder is encouraged to promote judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).  *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence to the federal rules on joinder of parties and claims in prisoner suits prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.*  It also prevents a prisoner from avoiding the fee obligations and the three-strike provision of the Prison Litigation Reform Act. *Id.*  (Rule 18(a) ensures "that prisoners pay the required filing fees – for the Prison Litigation Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

Accordingly, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant.  Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact.  He may not bring multiple claims against multiple defendants unless the nexus required in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.  Plaintiff's claims about his prosecutions and convictions are completely separate from his claims about his treatment at the Leavenworth County Jail.  They are not properly brought in the same lawsuit.

In addition, he does not name any of the staff members of the Leavenworth County Jail who personally participated in the events he mentions, meaning he has not named a proper

6

defendant to those claims.

Finally, the defendants Plaintiff does name are either improper or immune. The State of Kansas is not a "person" that Congress made amenable to suit for damages under § 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). In addition, the State of Kansas is absolutely immune to suit for money damages under the Eleventh Amendment. Consequently, suits against the State are barred, absent consent, regardless of the relief sought. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Cory v. White*, 457 U.S. 85, 90-91 (1982); *Trujillo v. Williams*, 465 F.3d 1210, 1214 n.1 (10th Cir. 2006)(citing *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998)("[A] citizen's suit against a state agency is barred by the Eleventh Amendment just as surely as if the suit had named the state itself.)); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984))(It does not matter what form of relief a citizen might request in a suit against a state agency.")); *but cf. Will*, 491 U.S. at 71 (The Eleventh Amendment does not prevent suits against individual defendants in their official capacity for injunctive or declaratory relief, or against state officials in their individual capacities, or against private entities.).

Leavenworth County is also not a proper defendant. A county may be held liable under section 1983 only for its own unconstitutional or illegal policies and not for unlawful actions of its employees. *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). To impose § 1983 liability on the county and its officials for acts taken by its employee, Plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318

defendant to those claims.

Finally, the defendants Plaintiff does name are either improper or immune. The State of Kansas is not a "person" that Congress made amenable to suit for damages under § 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). In addition, the State of Kansas is absolutely immune to suit for money damages under the Eleventh Amendment. Consequently, suits against the State are barred, absent consent, regardless of the relief sought. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Cory v. White*, 457 U.S. 85, 90-91 (1982); *Trujillo v. Williams*, 465 F.3d 1210, 1214 n.1 (10th Cir. 2006)(citing *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998)("[A] citizen's suit against a state agency is barred by the Eleventh Amendment just as surely as if the suit had named the state itself.)); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984))(It does not matter what form of relief a citizen might request in a suit against a state agency.")); *but cf. Will*, 491 U.S. at 71 (The Eleventh Amendment does not prevent suits against individual defendants in their official capacity for injunctive or declaratory relief, or against state officials in their individual capacities, or against private entities.).

Leavenworth County is also not a proper defendant. A county may be held liable under section 1983 only for its own unconstitutional or illegal policies and not for unlawful actions of its employees. *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). To impose § 1983 liability on the county and its officials for acts taken by its employee, Plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318

(10th Cir. 1998) (citing *see Monell*, 436 U.S. at 695).  The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue."  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989).  Plaintiff has pointed to no policy of Leavenworth County and no causal link between any such policy and the allegedly unconstitutional acts or inactions of county employees.

As for Defendant Williams and Defendant Gibbons, "[t]ypically, judges, prosecutors, and witnesses enjoy absolute immunity."  *Stein v. Disciplinary Bd. of Supreme Court of New Mexico*, 520 F.3d 1183, 1190 (10th Cir. 2008).  "Absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity."  *Id.* at 1189.  "The Supreme Court of the United States has long held that judges are generally immune from suits for money damages."  *Id.* at 1195 (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)).  Prosecutors are absolutely immune from civil liability for damages for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State."  *Stein*, 520 F.3d at 1193 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 209 (1993)).

Plaintiff also names Benjamin Casad, whom he describes as a criminal defense attorney.  To state a claim under § 1983, a plaintiff "must show that the alleged (constitutional) deprivation was committed by a person acting under color of state law."  *West*, 487 U.S. at 48–49 (1988); *Daniels v. Williams*, 474 U.S. 327, 330–331 (1986); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Northington*, 973 F.2d at 1523.  The "under color of state law" requirement is a "jurisdictional requisite for a § 1983 action."  *West*, 487 U.S. at 42; *Polk County v. Dodson*, 454 U.S. 312 (1981).  Thus, it is of no consequence how discriminatory or wrongful the actions a plaintiff may describe; merely private conduct does not satisfy the "under color of" element and

8

therefore no section 1983 liability exists.  *See Brentwood Academy v. Tennessee Secondary Athletic Ass'n*, 531 U.S. 288, 294–96 (2001); *American Manufs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).  A criminal defense attorney is not a state actor.  *Polk County v. Dodson*, 454 U.S. 312 (1981).  Therefore, Casad is not properly named as a defendant to this suit.

Finally, Plaintiff names Sheriff Dedeke as a defendant.  However, he does not allege that Dedeke personally participated in any of the incidents mentioned in the Complaint.  An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

An official's liability may not be predicated solely upon a theory of respondeat superior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).  To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation.  *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).  "[T]he defendant's role must be more than one of abstract authority over individuals who actually

committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Sheriff Dedeke is not properly named as a defendant to this suit.

## IV. Response Required

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his Complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1]  Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.  The Court also notes that some of the claims Plaintiff raises in the Complaint appear to be duplicative with claims raised in other lawsuits Plaintiff has filed in this court.  If Plaintiff decides to file an amended complaint, he should delete any claims that he has raised in other actions.

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (20-3266-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **July 11, 2021,** in which to show good cause, in writing, why the Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **July 11, 2021**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS SO ORDERED.**

DATED:  This 11th day of June, 2021, at Topeka, Kansas.

**s/  Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**
