IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAJUAN SAMMIE LOUIS LOWERY,

Plaintiff,

v.                                                    CASE NO. 20-3266-SAC

STATE OF KANSAS, et al.,

Defendants.

## MEMORANDUM AND ORDER

This matter is a civil rights action. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted. (Memorandum and Order to Show Cause, Doc. 4) ("MOSC"). Before the Court is Plaintiff's Amended Complaint, filed in response to the MOSC (Doc. 7). Also before the Court is a motion to appoint counsel (Doc. 8) filed by Plaintiff.

## I.  Nature of the Matter before the Court

The claims Plaintiff raises in the Amended Complaint can be grouped into three categories: (1) allegations related to his arrest on April 24, 2019, by the Leavenworth Police Department; (2) allegations related to his medical treatment at the Leavenworth County Jail ("LCJ") following his April 2019 arrest; and (3) allegations related to his prosecution in state court stemming from the April 2019 arrest.

Plaintiff's allegations under category (1) are that Defendant Sarah Moreno, police officer, failed to use proper procedures when dealing with a mentally ill and intoxicated person (Plaintiff); failed to recover security camera video; planted candy bars, chips, and a drink on Plaintiff to cover

1

up the excessive force used by other officers; and failed to admit Plaintiff to a hospital.  Plaintiff further alleges Defendant Sean Flynn, Detective with the Leavenworth Police Department, choked him until he lost consciousness, and Defendants Swisshelm and Cormier tazed Plaintiff over ten times.

Plaintiff's category (2) allegations are that he requested medical attention when he arrived at the LCJ after his arrest, and Defendant Melissa Waldrop, a nurse at the LCJ, denied him care. He also alleges that she should have screened him for diabetes and failed to adequately treat him for schizophrenia.

Plaintiff's category (3) allegations are that Defendant Michael Gibbons, District Judge of Leavenworth County, would not accept any of Plaintiff's oral arguments or requests; he allowed Defendant Megan Williams, the prosecutor, to bring felony charges against Plaintiff; he allowed a guard to follow Plaintiff around the courtroom, which prejudiced him; he obstructed Plaintiff's defense of mental defect; he denied Plaintiff adequate mental health care; and he allowed Plaintiff to represent himself.  Plaintiff further alleges that Defendant Williams failed to provide him with evidence in response to his discovery requests; withheld exculpatory evidence; and chose to prosecute Plaintiff on a false allegation with disregard to the truth.

Plaintiff names as defendants: Megan Williams, Leavenworth County Assistant Attorney; Michael D. Gibbons, Leavenworth County District Court Judge; Sarah Moreno, Police Officer; Sean Flynn, Detective; S. Swisshelm, Police Officer; FNU Cormier, Police Officer; and Melissa Waldrop, Nurse at the LCJ.  He seeks $10 million.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary

dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

### A. Claims related to Plaintiff's arrest on April 24, 2019

Plaintiff notes in his Amended Complaint that he has a pending lawsuit in this Court. (Doc. 7, at 5.) On November 5, 2020, Plaintiff filed *Lowery v. State of Kansas, et al.*, Case No. 20-3278-

TC-ADM.  In that case, Plaintiff brings claims of police brutality and excessive force related to his April 24, 2019 arrest.  He names three of the same defendants that he names here.  That lawsuit is proceeding.

 "[R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (quotation marks omitted) (first alteration in original) (affirming district court's dismissal of suit where "duplicative of earlier action").  Because Plaintiff is already litigating a claim of excessive force resulting from his April 2019 arrest, to the extent he is attempting to raise the same claim here, it is dismissed and Defendants Flynn, Swisshelm, and Cormier are dismissed from this action.

As for Defendant Moreno, Plaintiff does not explain what constitutional right he believes she violated.  However, some of his allegations could call into question the validity of his conviction.  The United States Supreme Court has held that if judgment in favor of the prisoner plaintiff in a § 1983 action "would necessarily imply the invalidity of his conviction or sentence[, then] the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  Because Plaintiff does not demonstrate that his conviction has already been invalidated, his claims against Moreno are barred by *Heck*.

**B.  Claims related to Plaintiff's medical care at the LCJ following his arrest**

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).  The "deliberate indifference" standard

includes both an objective and a subjective component. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citation omitted). In the objective analysis, the deprivation must be "sufficiently serious," and the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *Martinez*, 430 F.3d at 1304 (citation omitted). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id.* (quoting *Sealock*, 218 F.3d at 1209). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).

Plaintiff alleges that he requested medical attention when he arrived at the LCJ after his arrest, and Defendant Waldrop, a nurse at the LCJ, denied him care. Plaintiff does not provide adequate detail to state a claim for violation of his Eighth Amendment rights. For instance, he does not state what medical needs he had or if he received treatment for those needs at a later time. Plaintiff also alleges that Defendant Waldrop should have screened him for diabetes and failed to adequately treat him for schizophrenia. Again, Plaintiff's incomplete and conclusory allegations fail to show that Waldrop was deliberately indifferent to his safety or serious medical needs.

## C.  Claims related to Plaintiff's prosecution

Plaintiff's Amended Complaint brings a claim of malicious prosecution. To state a claim for malicious prosecution, a plaintiff must allege sufficient facts from which the following may be

plausibly inferred: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages. *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008); *see also Twombly*, 550 U.S. at 555-556.

Plaintiff's allegations related to his prosecution described above fall well short of stating a malicious prosecution claim. Primarily, Plaintiff does not claim the criminal prosecution based on the April 2019 arrest terminated in his favor and does not demonstrate a lack of probable cause or malice on the part of Defendant Gibbons or Williams.

Another problem with Plaintiff's claim based on his prosecution is that Defendant Gibbons and Williams are both immune from liability for civil damages, as the Court previously explained to Plaintiff in the MOSC. "Typically, judges, prosecutors, and witnesses enjoy absolute immunity." *Stein v. Disciplinary Bd. of Supreme Court of New Mexico*, 520 F.3d 1183, 1190 (10th Cir. 2008). "Absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Id.* at 1189. "The Supreme Court of the United States has long held that judges are generally immune from suits for money damages." *Id.* at 1195 (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)). Prosecutors are absolutely immune from civil liability for damages for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Stein*, 520 F.3d at 1193 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 209 (1993)).

Moreover, as explained in the MOSC, Plaintiff's allegations that Defendant Gibbons would not accept any of Plaintiff's oral arguments or requests; allowed a guard to follow Plaintiff around the courtroom, which prejudiced him; obstructed Plaintiff's defense of mental defect; and that

Defendant Williams failed to provide him with evidence in response to his discovery requests; withheld exculpatory evidence; and chose to prosecute Plaintiff on a false allegation with disregard to the truth could imply the invalidity of his conviction if accepted by a court.  Because Plaintiff does not demonstrate that his conviction has already been invalidated, any claims based on his prosecution are barred by *Heck*.

## IV.  Motion to Appoint Counsel (Doc. 8)

Plaintiff filed a motion asking the Court to appoint counsel to represent him.  He states that he is struggling with mental health issues, is unfamiliar with the law, and is indigent.

Plaintiff's motion is denied.  There is no constitutional right to the appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies within the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey,* 461 F.3d at 1223, quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

Because the Court has concluded that Plaintiff has not asserted a colorable claim, his motion is denied.

**V.  Conclusion**

For the reasons stated herein, Plaintiff's Amended Complaint is dismissed under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted, and Plaintiff's motion to appoint counsel is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. 8) is **denied**.

**IT IS SO ORDERED.**

DATED:  This 26th day of January, 2022, at Topeka, Kansas.


<u>**s/ Sam A. Crow**</u>
**SAM A. CROW**
**U.S. Senior District Judge**